**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ARMSTER LACKING                                                                             PETITIONER

V.                                          CIVIL ACTION NO. 3:00-cv-935WS

STATE OF MISSISSIPPI AND
MIKE MOORE                                                      RESPONDENTS

**ORDER**

Before the court is the motion of the petitioner for issuance of a certificate of appealability filed on October 31, 2006 [**docket # 36**]. This is not the first such motion filed by the petitioner. Previously, the petitioner filed a motion to proceed *in forma pauperis* [docket # 25] and a motion to amend [docket # 26] on December 09, 2004. This court denied these motions on January 28, 2005, explaining its reasons fully. Now, the petition persists in his quest to obtain a certificate of appealability from this court because he wishes to be permitted to appeal state court issues which were declared to be procedurally barred by the Mississippi Supreme Court. This *pro se* motion is wholly without merit for the reasons that follow.

**BACKGROUND**

The petitioner submitted his application for a writ of habeas corpus under Title 28 U.S.C. § 2254.[1] This petition was denied by the United States Magistrate Judge on

---

[1] Title 28 U.S.C. § 2254(a) provides that, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

August 20, 2002. This court adopted the Magistrate Judge's Report and Recommendation and entered its Final Judgment in this matter on September 30, 2002. This court then denied the petitioner a certificate of appealability on November 18, 2002. The petitioner appealed all of this to the United States Court of Appeals for the Fifth Circuit and the appeal was denied on April 24, 2003. The petitioner sought certiorari and United States Supreme Court denied his certiorari request on October 27, 2003.

Not to be deterred in his pursuit of habeas corpus relief, the petitioner sought to raise all the same issues and other issues relating to the same conviction and sentence once again. To this end he sought mandamus from the United States Court of Appeals for the Fifth Circuit. The mandamus request was denied on August 9, 2004. The petitioner then filed a motion to proceed *in forma pauperis* and a motion to amend that motion. This court denied the petitioner's motions on January 25, 2005.

The petitioner next approached the court with a motion for a Certificate of Appealability of this court's Order denying his request to proceed *in forma pauperis* [Docket Nos. 29-1 & 30-1] on February 24, 2005. The petitioner contended that he had filed for habeas corpus relief on December 6, 2000; that this court adopted the Report and Recommendation of the United States Magistrate Judge on September 30, 2002, and that the petitioner's motion for a Certificate of Appealability was denied on November 19, 2002. The petitioner forgot to mention that all of these findings were affirmed by the Fifth Circuit and that certiorari was denied regarding these matters by the United States Supreme Court.

The petitioner also noted in his February 24, 2005, motions that his court had denied his request to proceed *in forma pauperis* on January 28, 2005. Petitioner

argued then, as he does now, that he is entitled to proceed to appeal in order to seek redress on nine issues, eight of which were found by the Mississippi Supreme Court to be procedurally barred.  The petitioner has returned, once again seeking to appeal on the very same grounds, and asking this court to consider issues which have been declared to be procedurally barred because they are constitutional in nature.

## **THE PROCEDURAL BAR**

On August 20, 2002, the United States Magistrate Judge acknowledged that all but one of the nine issues in the petitioner's application for habeas corpus relief had been found by the Mississippi Supreme Court to be procedurally barred.  The Magistrate Judge noted that he could not review issues found to be barred by Mississippi's procedural bar statute[2], explaining that federal courts will not consider the merits of any claim resolved by the state courts on independent and adequate state law grounds such as a procedural bar.  *Lee v. Kemna*, 534 U.S. 362, 375, 122 S.Ct. 877, 885, 151 L.Ed.2d 820 (2002);  *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991).

Consequently, only one issue was reviewed by the Magistrate Judge, the petitioner's assertion that the trial court erred when it submitted a fondling charge to the jury together with a kidnaping charge.  The Magistrate Judge found that the state court's determination was not contrary to and was not an unreasonable application of,

---

[2]Mississippi Code Ann. § 99-39-21(1) provides that , "[f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, *regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States*, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver (emphasis added)."

clearly established federal law, as determined by the Supreme Court of the United States.  *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)[3].  The United States Court of Appeals for the Fifth Circuit affirmed this finding and the United States Supreme Court denied certiorari regarding this finding.

When denial of a request for habeas corpus relief is based on procedural grounds, a petitioner must show two things in order to have an appeal, (1) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right", and that they "would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000);  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.) (quoting *Slack* ), *cert. denied*, 531 U.S. 966, 121 S.Ct. 400, 148 L.Ed.2d 308 (2000).  The United States Court of Appeals for the Fifth Circuit and the United States Supreme Court already have found, on appeal, that the United States Magistrate Judge was correct when he relied on the procedural bar.

## **CONCLUSION**

This court finds no basis for permitting additional appeals of the same issues.  Moreover, frivolous or repetitive filings may subject a petitioner to sanctions where petitioner repeatedly seeks a certificate of appealability from district court's dismissal

---

[3]Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless the adjudication of the petitioner's claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Title 28 U.S.C. § 2254(d)(1)-(2).

of his petition for writ of habeas corpus.  *See Delespine v. Quarterman*, 186 Fed.Appx. 484 (5th Cir. 2006) (imposing a fine of $200.00 for repeated motions for COA in spite of warnings to refrain).  In the instant case, the petitioner does not challenge the legal basis for application of the procedural bar and simply continues to insist that his barred claims have merit.   Therefore, the motion for issuance of a certificate of appealability (**docket # 36**) is denied.

       **SO ORDERED, this the 8th day of March, 2007.**

                              **s/ HENRY T. WINGATE**
                              **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:00-cv-935WS
Order Denying Certificate of Appealability